UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ANGELA M. ANGEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-251-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Angela M. Angel ("Angel" or "the Claimant") and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 9, 10] Angel contends that the administrative law judge ("ALJ") assigned to her case failed to identify jobs she could perform, did not consider important evidence, and inappropriately assessed her credibility. As a result, Angel seeks reversal of the ALJ's decision and an award of benefits. Alternatively, she asks for remand for further consideration of her claims. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.

For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Angel.

**I.**

On March 8, 2010, Angel applied for a period of disability and disability insurance benefits. [*See* Administrative Transcript, pp. 173-74; hereafter, "Tr."] She initially alleged a disability beginning February 1, 2004, but later changed her onset date to December 31, 2009. [Tr., pp. 173, 185, 198] Angel's applications were denied initially and upon reconsideration. [Tr., pp. 70-75] On January 10, 2012, a hearing was held before ALJ Karen Jackson in Lexington, Kentucky. [*Id.*, p. 29] Angel appeared and testified, represented by attorney Timothy Despotes. [*Id.*] A vocational expert ("VE"), Betty Hale, also testified at the hearing. [*Id.*]

Angel was forty-two years old at the time of the ALJ's decision. [*Id.*, p. 34] She has a GED and some college coursework. [*Id.*, pp. 35, 186] Angel was employed previously as an administrative assistant and child care worker. [*Id.*, pp. 35-36, 187] Angel claimed to be disabled due to carpal tunnel syndrome, nerve-damaged arms, and depression at the time she filed for benefits in 2010. [*Id.*, p. 185] After reviewing the record and testimony presented during the administrative hearing, the ALJ concluded that Angel suffered from the severe impairments of carpal tunnel syndrome, trigger finger (thumb) repair, bursitis/arthritis of the acromioclavicular joint, back pain secondary to grade one spondylolisthesis, degenerative joint disease, obesity, adjustment disorder/dysthymic disorder, and generalized anxiety disorder. [*Id.*, p. 14]

Notwithstanding her impairments, the ALJ determined that Angel maintained the residual functional capacity ("RFC") to perform less than the full range of sedentary work, subject to the following limitations:

> [Angel] can lift or carry 20 pounds occasionally, 10 pounds frequently; stand or walk for 6 hours in an 8-hour workday, 2 hours at a time; sit 6 hours in an 8-hour workday, 2 hours at a time; frequently reach overhead; occasionally handle, finger, feel and push or pull with right hand; occasionally handle, finger, feel and push or pull with left hand; frequently operate foot pedal controls with bilateral feet; occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; never climb ladders, ropes, or scaffolds; avoid hazards; avoid vibratory hand tools and full-body vibration and temperature extremes; simple repetitive work tasks. [Angel] can maintain attention and concentration for 2-hour segments during an 8-hour workday. She is able to adapt to gradual changes in a routine work environment. She requires an object focused work environment in which contact with the general public, coworkers and supervisors is casual and occasional, and there is no requirement for fast-paced production quotas or goals.

[*Id.*, p. 16]

Based on the testimony of VE Hale, the ALJ determined that Angel could not perform past relevant work. [*Id.*, p. 21] However, after considering her age, education, work experience, and RFC, the ALJ found that she could perform other work that exists in significant numbers in the national economy, such as non-hazardous security/surveillance monitor and gate guard. [*Id.*, p. 22] Based on these findings, the ALJ concluded that Angel was not disabled under the Social Security Act.

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental

impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that she suffers from a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether she can perform his past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other

work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive so long as they are supported by substantial evidence. 42 U.S.C. § 405(g).

**III.**

Angel argues that the ALJ failed to identify jobs that she could perform. [Record No. 9, p. 5] She also claims that the ALJ failed to consider important evidence and did not appropriately assess her credibility. [*Id.*, p. 6] The Commissioner contends that the decision denying benefits to Angel is supported by substantial evidence and should be affirmed. [Record No. 10, p. 1]

### A. Identification of Work

Angel asserts that it is not clear what RFC the ALJ assigned to her. [Record No. 9, p. 3] She claims that, while the ALJ stated that her RFC was for sedentary work, the limitations the ALJ provided were for someone capable of performing light work. [*Id.*] The Commissioner contends that this is not reversible error. [Record No. 10, p. 5]

The ALJ found that Angel was limited to performing sedentary work as defined in 20 C.F.R. § 404.1567. [Tr., p. 16] Sedentary work is limited to lifting no more than ten pounds at a time and "occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R § 404.1567(a). However, when describing her limitations, the ALJ discussed work involving "lifting no more than 20 pounds at a time with frequent lifting and carrying weighing up to 10 pounds." This type of limitation is defined as light work by the regulations. 20 C.F.R. § 404.1567(b). Nonetheless, this misstatement is not grounds for reversal or remand.

At its most restrictive, the ALJ determined that Angel can perform sedentary work. [Tr., p. 22] The purpose of determining a claimant's RFC is to assess whether the claimant

can perform past work or adjust to other work. 20 C.F.R. § 404.1520(e). During the hearing, the ALJ asked the VE if jobs existed for an individual of Angel's age, education, and work experience who could only perform sedentary work. [Tr., pp. 57-58] The VE indicated that a person described by the ALJ would be able to perform work as a surveillance monitor. [*Id.*, p. 58] Thus, even if the ALJ misstated Angel as being able to perform light work, when in reality she is only capable of performing sedentary work, she would have still found Angel to not be disabled. Because the ALJ based her opinion on the testimony of the VE in response to a hypothetical question that accurately described Angel's limitations, the ALJ relied on substantial evidence to find that a significant number of jobs exist that Angel could perform if limited to sedentary work. *See Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) Thus, examining the decision as a whole, the mistaken RFC identification is not proper grounds for reversal or remand, as a finding that Angel was not disabled would have resulted regardless. *Gribbins v. Comm'r Soc. Sec. Admin.*, 37 F. App'x 777, 779 (6th Cir. 2002) (holding that the findings and conclusions of the Commissioner are reviewed in the context of the record as a whole).

Angel also contends that the ALJ improperly concluded that she could perform work as a surveillance monitor. [Record No. 9, p. 8] She argues that the ALJ did not account for the fact that she has to alternate sitting and standing often and its effect on a surveillance monitor job. [*Id.*] The Commissioner responds that there is not evidence in the record to support Angel's assertion that she would have to alternate sitting and standing so frequently that it would prevent her employment as a surveillance monitor. [Record No. 10, p. 7]

The ALJ indicated that Angel needed to alternate sitting and standing two hours at a time. [Tr., p. 16] The VE testified that the surveillance monitor job would allow Angel to sit or stand every two hours. [*Id.*, p. 56] Further, substantial evidence supports the ALJ's determination that Angel was only limited to sitting and standing for a two-hour period. The ALJ noted in her decision that "diagnostic testing does not show much in the way of back abnormalities." [*Id.*, p. 20] Angel herself provided that she does not have any issues with sitting or standing. [*Id.*, p. 217]

The VE's testimony relies on the ALJ's assessment of what the claimant "can and cannot do." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002)). The Sixth Circuit has determined that "the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of the claimant's residual functional capacity." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (internal quotation marks and citation omitted). Angel's assertion that the ALJ failed to account for her alleged need to alternate sitting and standing is not supported by the record. The ALJ did not err in finding that Angel can perform the job of surveillance monitor. The VE testified that the surveillance monitor job allows her to alternate sitting and standing two hours at a time. [Tr., p. 56] The ALJ is permitted to rely on the VE's answer to a hypothetical question to the extent the assumptions included in the hypothetical are supported by substantial evidence. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

The claimant's assertion that she could not perform the job of surveillance monitor fails and reversal or remand on these grounds is unnecessary. While the ALJ may have misstated Angel's limitations, that does not require remand. *See Rabbers v. Comm'r of Soc. Sec.*, 482 F.2d 647, 654 (6th Cir. 2009) (holding if an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.") (citations omitted); *NLRB v. Wyman–Gordon Co.*, 394 U.S. 759, 766 (1969) (noting that courts are not required to "convert judicial review of agency action into a ping-pong game" where "remand would be an idle and useless formality"); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("[n]o principle of administrative law or common sense requires the Commissioner to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result") (citations omitted). Substantial evidence demonstrates that Angel can perform the job of surveillance monitor and that such a job exists in significant numbers. Angel's assertions that the ALJ failed to identify a job she could perform are incorrect and the ALJ met her burden at step five of the sequential evaluation process.

**B.     Consideration of the Evidence**

Angel next claims that the ALJ failed to take into account all relevant evidence when making her disability determination. [Record No. 9, p. 5] This argument is based on the assertion that the ALJ failed to discuss or mention Angel's receipt of disability retirement benefits from the state of Alabama and failed to mention her fibromyalgia, chronic pain syndrome, and fatigue. [*Id.*, pp. 5-8] The ALJ is not required to discuss every piece of evidence

or data in her opinion as long as she considers all of the evidence and makes a "reasoned conclusion." *Boseley v. Comm'r of Soc. Sec. Admin.*, 397 F. App'x 195, 199 (6th Cir. 2010) (citing *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006)). Despite Angel's contention, the ALJ did consider the fact that Angel was receiving disability or early retirement benefits from her previous job at the Alabama Department of Transportation. [Tr., pp. 17, 21] Further, the ALJ's opinion states that she made "careful consideration of the entire record." [*Id.*, p. 16]

The Court also recognizes that a decision by another governmental agency is not binding on the Social Security Administration. 20 C.F.R. § 404.1504. Additionally, based on a review of the administrative transcript, it does not appear that Angel submitted the disability determination from Alabama for consideration. The claimant bears the burden of supplying adequate records and evidence to support her claim and the ALJ's failure to further discuss a disability determination that was not provided will not result in reversal or remand. 20 C.F.R. § 404.1512(c). Because the ALJ expressly considered the fact that Angel was receiving disability from the state of Alabama and because such evidence is not binding, Angel's assertion that this evidence was not sufficiently considered is erroneous.

Angel also argues that the ALJ failed to consider her impairments of fibromyalgia, chronic pain syndrome, and fatigue. [Record No. 9, pp. 6-8] She claims that consideration of these impairments is critical to a correct determination of her claim and the ALJ's failure to consider them was in error. The Commissioner argues that Angel has failed to demonstrate reversible error regarding the ALJ's discussion of these conditions. [Record No. 10, pp. 9-10]

The fact that the ALJ did not list Angel's fibromyalgia, chronic pain syndrome, and fatigue as severe impairments is not grounds for reversal or remand. *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008); *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) (holding that the failure to find that an impairment was severe was harmless error where other impairments were deemed severe). However, when making an RFC determination, the ALJ must consider all impairments and not just the impairments the ALJ finds to be severe. 20 C.F.R. §§ 404.1520(e), 404.1545. Here, the ALJ stated that she considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." [Tr., p. 17] Further, the ALJ did expressly mention Angel's fibromyalgia, chronic pain syndrome, and fatigue in her discussion of Angel's RFC. [*Id.*, pp. 17-18]

While Angel may have been diagnosed with these conditions, the mere diagnosis of a condition says nothing concerning its severity. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). As Angel correctly asserts, "[t]he source of the disability in many disability claims is not necessarily the underlying condition itself, but rather the symptoms associated with the condition." [Record No. 9, p. 7 (citing *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 686 (6th Cir. 1992)] The ALJ found that although the impairments or a combination of the impairments could reasonably cause Angel's pain or other symptoms, Angel's credibility concerning the "intensity, persistence and limiting effects" of the severity of these symptoms lacking. [Tr., p. 20] The ALJ then found that, based on her determination of Angel's credibility regarding the persistence and intensity of her symptoms, Angel could perform sedentary work

with the limitations provided in her RFC determination. [*Id.*, pp. 17-21] Angel has not demonstrated that these particular conditions, alone or in combination with others, prohibits her ability to work past the limitations as described by the ALJ.

### C. Credibility Determination

Angel contends that the ALJ did not consider various important factors when assessing her credibility. [Record No. 9, p. 9] She asserts that the ALJ was in error by finding that she was not entirely credible based on her daily activities, subjective complaints of pain, and her course of treatment. [*Id.*, pp. 9-12] The Commissioner argues that the ALJ properly reviewed the medical evidence and other evidence and found that Angel's complaints were not fully credible given their inconsistency with test results, daily activities, physical examination results, treatment recommendations, and that she had only recently sought help for some of her alleged impairments. [Record No. 10, pp. 10-11] The Commissioner claims that this decision is based on substantial evidence that supports the ALJ's finding that Angel was not entirely credible. [*Id.*, p. 11]

The ALJ is required to evaluate the credibility of a claimant's statements concerning her symptoms by comparing them to other evidence in the record. 20 C.F.R. § 404.1529(a), (c). When an ALJ determines a claimant's credibility she is entitled to deference, because the ALJ is in a unique position to "observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). In fact, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at

531. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of [the claimant]." *Rogers*, 486 F.3d at 247 (citations omitted). However, if the ALJ "rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Brown*, 35 F.3d 1027, 1036 (6th Cir. 1994). The ALJ's credibility determination must not be based only on "intangible or intuitive notion[s] about the individual's credibility." SSR 96-7p, 1996 WL 374186, at *4. Rather, credibility determinations must find support in the record. *Rogers*, 486 F.3d at 247.

Angel takes issue with the ALJ's credibility findings concerning her daily activities. [Record No. 9, pp. 13-14] She contends that record shows that her daily functioning has been substantially limited by her impairments. She also argues that the ALJ improperly concluded that the modest daily activities that she can perform demonstrates that she can work a full time job. [*Id.*, p. 14] The Commissioner claims that the ALJ properly concluded that Angel's daily undermined the credibility of her statements. [Record No. 10, p. 11]

The ALJ found that Angel is independent with many of her activities of daily living. [Tr., p. 21] Angel stated that she attends to her personal hygiene independently, cooks simple meals, uses her computer for research and recreation, reads books for about thirty minutes at a time, and drives for short periods. She grocery shops with assistance with pushing a loaded cart and lifting groceries, follows her step-children's scholastic progress, eats at restaurants, and attends church services weekly. [*Id.*] Angel has friends and socializes normally. [*Id.*] Daily activities are appropriate to consider when examining the credibility of a claimant's assertions regarding the persistence and intensity of their symptoms. 20 C.F.R. § 404.1529(c)(3)(i). However, an ALJ's

determination of a claimant's credibility does not have to demonstrate that the claimant is capable of performing full time work, as Angel asserts. [*See* Record No. 9, p. 14] Rather, the consideration of daily activities is used to ascertain whether the claimant's statements concerning her symptoms are credible and whether they are consistent with those of a disabled individual. 20 C.F.R. § 404.1529(c)(3)(i). The ALJ analyzed Angel's limitations in detail. [Tr., pp. 17-19] She found that, in light of Angel's daily activities and functioning, her testimony regarding the severity of her symptoms was not reliable. [*Id.*]

Angel next argues that the ALJ failed to mention her fibromyalgia and chronic pain syndrome. As discussed above, the ALJ did make note of these conditions in her decision. [Tr., pp. 17-18] Further the ALJ found that Angel's impairments could reasonably cause the symptoms she alleged. [*Id.*, p. 20] However, as previously discussed, the ALJ's credibility determination was based on differences between what Angel claimed she could do and what she actually does. The diagnosis of fibromyalgia and chronic pain syndrome says nothing of their severity and when making her credibility determination the ALJ found that Angel's complaints were not consistent with her functioning. Therefore, the mere diagnosis of fibromyalgia and chronic pain syndrome will not undermine the ALJ's credibility determination or render it improper.

Angel asserts that the ALJ mentioned the fact that she stood during the hearing and complained of back pain only after twenty to twenty-five minutes of sitting. [Record No. 9, pp. 14-15] She argues that the ALJ erred in determining that Angel could alternate sitting and

standing for two hours at a time in light of this evidence and the fact that she has been diagnosed with grade one spondyliothesis and degenerative joint disease.

The ALJ noted that diagnostic testing does not demonstrate severe back abnormalities. [Tr., p. 20] Indeed, while her physician did diagnose Angel with grade one spondyliothesis, he did not recommend surgery and suggested only conservative treatment. [*Id.*, p. 480] A consultative examination found that Angel had a full range of motion in her neck and shoulders with no evidence of cervical radiculopathy. This examination also indicated that Angel had only mild tenderness across her back, was able to bend forward sixty to seventy degrees, squat with little difficulty, and perform a toe and heel walk. [*Id.*, pp. 449-51] The ALJ also considered the fact that the State Agency physician assigned no exertional limitations to Angel. [*Id.*, p. 62] Considering Angel's daily activities and the medical evidence, the ALJ found that Angel's credibility concerning the severity of her symptoms was not reliable. The mere diagnosis of grade one spondyliothesis and degenerative joint disease and the fact that Angel stood during the hearing does not render the ALJ's credibility determination erroneous.

Angel also contends that her course of treatment makes her statements about the severity of her symptoms more credible. [Record No. 9, pp. 11-12] She claims that because she has had wrist surgery, injections, undergone physical therapy, takes hot baths to alleviate pain, takes pain medication, and naps frequently due to her medication, the ALJ erred in making her credibility determination. [*Id.*] The ALJ did consider the effect of the medications Angel was taking for her pain as well as her surgeries and injections. [Tr., p. 17] Further, other evidence of treatment undermines Angel's credibility. As stated above, her back issues did not require surgery and

-15-

only conservative treatment was recommended. [*Id*., p. 480] Angel only sought treatment for her mental health issues close in time from the time of the ALJ's decision. [*Id*., p. 20] Additionally, the course of treatment is only one of the factors an ALJ contemplates when rendering a decision regarding credibility. 20 C.F.R. § 404.1529(c)(3). While some treatment evidence supports Angel's assertions, other evidence does not. The ALJ balanced this factor with other evidence of Angel's credibility and found it lacking. The ALJ's consideration of the evidence of treatment when determining Angel's credibility was not in error.

Finally, Angel argues that the ALJ erred in her consideration of opinion evidence. [Record No. 9, p. 16-17] She asserts that the ALJ incorrectly concluded that none of her doctors indicated that she could not work. [*Id*., p. 16] She initially claims that the State of Alabama decided that Angel could not work and argues that the ALJ should have considered this further. [*Id*.] However, as discussed above, the decision of the state of Alabama is not binding on the ALJ, it was mentioned in the decision, and there are questions of whether the disability determination was actually submitted for review. Therefore, the ALJ's treatment of the determination of another agency concerning Angel's disability was not in error and does not rebut the fact that none of her treating physicians indicated that she could not work.

Angel also claims that the ALJ should have given further consideration to the opinion provided by chiropractor, Dr. Richard L. Carman to support her credibility. [Record No. 9, pp. 16-17] Angel asserts that given her long treatment record with Dr. Carman, his opinion should bolster her credibility. [*Id*., p. 17] However, as the ALJ correctly noted in her decision, chiropractors are not "acceptable medical sources" as defined by 20 C.F.R. § 404.1513(a).

Rather, chiropractors are considered "other sources" whose evidence can help demonstrate the severity of a claimant's impairments. 20 C.F.R. § 404.1513(d). Dr. Carman's opinion is that Angel is "completely and totally disabled." [Tr., p. 302] A finding of disability is reserved for the Commissioner and an opinion on an issue reserved for the Commissioner is not given any special significance. 20 C.F.R. § 404.1527(d). Further, the ALJ stated that no weight was given Dr. Carman's opinion because it was inconsistent with the objective medical findings of record from acceptable medical sources. [Tr., p. 21] This conclusion was not in error and is supported by substantial evidence.

Angel objects to the fact that the ALJ gave great weight to consulting neurologist Hisham Hakim, M.D., because he did not did not address Angel's back pain, perform tests regarding her back pain, or discuss her fibromyalgia. The ALJ considered that Dr. Hakim did examine Angel's back and found only mild tenderness with the ability to bend seventy degrees forward, squat with little issue, and perform a heel toe walk. [*Id*., p. 20] The ALJ gave this evidence greater weight because it was supported by diagnostic testing, the medical evidence of record, and Angel's daily activities. [*Id*., p. 21] These considerations are appropriate when the ALJ is analyzing the weight to give medical sources. 20 C.F.R. § 404.1527(c). Thus, the ALJ's conclusion that none of Angel's treating physicians indicated that she could not work is appropriate and undermines Angel's credibility. This determination is relevant and supported by substantial evidence.

In summary, while some evidence supports Angel's credibility, other evidence does not. However, it is the responsibility of the ALJ to make credibility determinations and such a determination is entitled to great deference due to the ALJ's unique position to observe the

claimant and their demeanor. *Walters*, 127 F.3d at 531. The ALJ's finding that Angel's complaints were not entirely credible were not based on improper, intangible intuitions. SSR 96-7p, 1996 WL 374186, at *4. Rather, the ALJ analyzed the medical evidence of record, the likelihood of Angel's impairments causing her symptoms, and her testimony.

## IV.

Even though Angel suffers from several impairments, she has not demonstrated that those impairments, either alone or combination, warrant the award of benefits. The ALJ properly considered the evidence of record, determined Angel's credibility, and found work that she can still perform. Her decision was supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Angela M. Angel's Motion for Summary Judgment [Record No. 9] is **DENIED**.

(2) Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 10] is **GRANTED**.

(3) The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 29th day of May, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge